IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE JAMES OLIPHANT,           :
                                :
        Plaintiff               :
                                :        CIVIL NO. 1:CV-13-1490
     vs.                        :
                                :          (Judge Caldwell)
PENNSYLVANIA B.P.P., *et al.*,  :
                                :
        Defendants              :


M E M O R A N D U M

I.    *Introduction*

        On May 30, 2013, Wayne James Oliphant, an inmate at the Waymart State

Correctional Institution (SCI-Waymart) in Waymart, Pennsylvania, filed this *pro se* civil

rights action alleging several conditions-of-confinement claims.  (Doc. 1, Compl.)  Named

as defendants are: the Pennsylvania Board of Probation and Parole (PBPP); the

Pennsylvania Department of Corrections (DOC); and the DOC's Bureau of Health Care

Services.  (*Id.*)  Oliphant also seeks leave to proceed *in forma pauperis*.  (Doc. 2).

        The Complaint is before the court for preliminary screening pursuant to 28

U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).  Upon screening the Complaint, the court

will grant Oliphant's motion to proceed *in forma pauperis* (Doc. 2), but dismiss the

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to his failure to state a claim on

which relief may be granted against the named defendants.  Oliphant,  however, will be

granted leave to file an amended complaint to identify those SCI-Waymart or other DOC or

PBPP officials and/or medical professionals who allegedly violated his Eighth Amendment

rights by denying him adequate health care, subjecting him to cruel and unusual conditions

of confinement, or confiscated his personal property.

II.     *Background*

Oliphant's Complaint is brief, and cryptically written.  A careful reading of the Complaint suggest the following allegations.  Oliphant believes he was unjustly denied parole due to his medical issues.  He also suggests that the DOC "did not afford [him] adequate customer service" when he was unfairly charged for a year's worth of television service but only received eight months of service.  He also alleges that an unidentified corrections officer injured him causing him to take medication.

III.    *Standard of Review*

When a litigant seeks to proceed *in forma pauperis,* without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen his complaint.  Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court is required to screen the complaint.  *See* 28 U.S.C. § 1915A.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2).

A complaint is frivolous if it lacks an arguable basis either in law or fact.  *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Allah v.*

*Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Pursuant to Fed. R. Civ. P. 8(a), a complaint need only "include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." "[T]he factual allegations of a complaint 'must be enough to raise a right to relief above the speculative level' and the complaining party must offer 'more than labels and conclusions' or 'formulaic recitation of the elements of a cause of action.'" *W. Run Student Hous. Assocs., LLC. v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Legal conclusions are "not entitled to the assumption of truth." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Finally, we note that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless

such an amendment would be inequitable or futile. *See Philips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

IV.  *Discussion*

A.  *The Defendants Are Not "Persons" for the Purpose of a § 1983 Action*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

The Commonwealth of Pensylvania and its agencies are not "persons" for the purpose of a § 1983 action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012). Accordingly, Oliphant's claims against the PBPP, DOC, and DOC Bureau of Health Care Services will be dismissed.

B.  *Leave to Amend*

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236. In this instance, any amendment against the presently named defendants, PBPP, DOC or DOC's Bureau of Health Care, would be futile. However, with

respect to Oliphant's claims that he was denied parole for retaliatory reasons, that his medical needs were not met, his property was improperly confiscated, or that he was assaulted by a corrections officer, it is possible that these deficiencies may be remedied by amendment by naming the individuals responsible for the alleged constitutional violations.

Thus, Oliphant will be granted twenty-one days to file an amended complaint naming those individuals. If Oliphant decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). Oliphant is advised that any amended complaint he may file supersedes the original complaint and his amended complaint must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the first complaint which are not alleged in the amended complaint are waived.

Oliphant is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. He also shall specify the relief he seeks with regard to each claim. Oliphant's failure to file an appropriate amended complaint within the required time will result in his claim being

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to his failure to state a claim on which relief may be granted. Oliphant is also cautioned that illegible submissions will be returned to him without consideration.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 13, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE JAMES OLIPHANT,   :
  :
    Plaintiff   :
  :   CIVIL NO. 1:CV-13-1490
  vs.   :
  :   (Judge Caldwell)
PENNSYLVANIA B.P.P., *et al.*,   :
  :
    Defendants   :

# O R D E R

AND NOW, this 13th day of September, 2013, in accordance with the accompanying memorandum, it is ORDERED that:

    1.  Oliphant's Motion for leave to proceed *in forma pauperis* (Doc. 2) is construed as a motion to proceed without full prepayment of fees and costs, and is GRANTED.

    2.  Oliphant's claims against the Pennsylvania Board of Probation and Parole, the Department of Corrections, the Pennsylvania Department of Corrections Bureau of Health Care Services are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief can be granted.

    3.  Within twenty-one (21) days from the date of this order, Plaintiff may file an amended complaint in this action in accordance with the foregoing Memorandum.

    4.  The Clerk of Court shall forward to Plaintiff two (2) copies of this Court's prisoner civil-rights complaint form which Plaintiff shall use in preparing any amended complaint he may file.

    5.  Failure to file an amended complaint as directed within the required time will result in this action being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons set forth in the accompanying Memorandum.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge